**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4905**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDERICK RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  J. Michelle Childs, District Judge.  (5:17-cr-00607-JMC-1)

Submitted:  July 9, 2019                                Decided:  August 2, 2019

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, P.A., Darlington, South Carolina, for Appellant.  Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Rivers pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Rivers had a prior conviction for a felony drug offense, and the district court sentenced him to the statutorily mandated minimum prison term of 240 months. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Rivers' guilty plea and abused its discretion in imposing the prison sentence. Rivers has filed a pro se supplemental brief and a Fed. R. App. P. 28(j) letter that we treat as a supplement to the pro se brief.[1] In his pro se brief and supplement, Rivers claims he was not informed during the guilty plea hearing of the applicable penalties he faced, that no mandatory minimum prison term applied, and that the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), supports the conclusion that his guilty plea was not knowingly and intelligently made. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Rivers' plea agreement.[2] We affirm.

---

[1] We grant Rivers' motion to file the supplement to his pro se brief.

[2] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and Rivers and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

Because Rivers did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the record and the briefs leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Rivers' guilty plea and that the court's omissions did not affect Rivers' substantial rights. Critically, the record reveals that the court ensured Rivers entered the plea knowingly and voluntarily with an understanding of the consequences—including the mandatory minimum prison term and the maximum possible penalties he faced—and that the plea was supported by an independent basis in fact.[3] Accordingly, we discern no plain error in the district court's acceptance of Rivers' guilty plea.

With respect to Rivers' prison sentence, we review it for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51

---

[3] Although Rivers points to *Rehaif* as support for the contention that the district court reversibly erred in accepting his guilty plea, *Rehaif* is inapposite.

(2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory range or sentence under the Sentencing Guidelines, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "A statutorily required sentence . . . is *per se* reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogation on other grounds recognized by United States v. Williams*, 808 F.3d 238, 246 (4th Cir. 2015).

Here, the record establishes that Rivers' prison sentence is procedurally and substantively reasonable. The district court properly calculated Rivers' offense level, criminal history category, and Guidelines sentence. The court afforded the parties adequate opportunities to make arguments about the appropriate sentence and heard argument from counsel and allocution from Rivers. After properly considering these matters, Rivers' Guidelines sentence, and relevant § 3553(a) factors, the district court sentenced Rivers to the Guidelines sentence. The court's explanation for its sentence, which explicitly referenced Rivers' history and characteristics and the nature of his

4

offense conduct, *see* 18 U.S.C. § 3553(a)(1), was sufficient. In Rivers' case, the 240-month prison sentence also was the minimum sentence required by statute for the conspiracy offense, *see* 21 U.S.C. §§ 841(b)(1)(A), 851 (2012), and the imposition of a statutorily required minimum sentence is per se reasonable.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Rivers, in writing, of the right to petition the Supreme Court of the United States for further review. If Rivers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*